83 So.2d 252

**L. M. McGAHEE**

v.

**L. D. WALL, Sheriff.**

**8 Div. 676.**

Court of Appeals of Alabama.

Oct. 11, 1955.

Rehearing Denied Nov. 1, 1955.

———◆———

J. H. Butler, Huntsville, for appellant.

John Patterson, Atty. Gen., and Owen Bridges, Asst. Atty. Gen., for appellee.

PRICE, Judge.

The appellant petitioned for a writ of habeas corpus, seeking his discharge from custody under an extradition warrant issued by the Governor of Alabama.

The record shows the petitioner is charged with forgery alleged to have been committed in Richland County, South Carolina.

At the hearing it was stipulated that the only question to be decided is whether or not the extradition proceedings were instituted for the purpose of collecting a debt. Title 15, Section 68, Code 1940.

Petitioner testified that at the time the crime is alleged to have been committed he was residing in South Carolina and was engaged in the insurance business with his brother and one Grace Gilstrap. He bought an automobile from Mrs. Gilstrap, financing it through the Home Finance Company. The finance company gave him a check, made payable to petitioner and Mrs. Gilstrap. It seems from petitioner's testimony that an actual purchase of the automobile was not contemplated. He stated he endorsed the check and turned it and the automobile over to Mrs. Gilstrap; that it was his understanding she was to repay the loan. Petitioner moved to Alabama two weeks later. Petitioner's brother and Mrs. Gilstrap came to Huntsville twice. On the first occasion they told petitioner they had paid the obligation, but on the second visit they admitted they had not paid the finance company because "we figured you had gone and we would tell them we didn't know where you were at."

Petitioner is charged with having forged Grace Gilstrap's name to the check and obtaining the proceeds. He denied that he signed Mrs. Gilstrap's name to the check or received any of the money.

Petitioner admitted on cross-examination that no request for restitution and no offers of compromise had been made to him by anyone.

Two law enforcement officers from South Carolina testified they had made no offers to compromise the case and knew of no occurrences that might indicate the case against petitioner would be settled if he repaid the money. One of these men testified he was the investigating officer in the case and preferred the charge against petitioner in the line of duty and not at the instigation of any person, firm or corporation, and that most of his information was obtained from the bank.

A statement by Grace Gilstrap certifying that the endorsement on the check in question is not her signature, and that it was

negotiated without her knowledge or authority, and an affidavit by the Cashier of The First National Bank of South Carolina, Columbia, South Carolina, to the effect that on the basis of the statements by Grace Gilstrap the bank had reimbursed the Home Finance Company in the amount of $1,251.-90, were attached as exhibits to the return of the sheriff.

We find in the record no evidence that would warrant the court in holding that the extradition proceedings were instituted for the purpose of collecting a debt.

The judgment of the trial court is affirmed.

Affirmed.